# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JOEY LEE NIX,

                                                 Case No.: 3:20-cv-00250-BJD-JBT

          Plaintiff,

v.

CSX TRANSPORTATION, INC.

          Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF CSX TRANSPORTATION, INC.

Comes Now, CSX TRANSPORTATION, INC., by and through undersigned counsel, and Answers the Complaint as follows:

1.      Admitted this action is brought under the FRSA, otherwise denied.

2.      Admitted.

3.      Admitted.

4.      Denied as to the filing date.  Admitted that 210 days have elapsed with no final decision and Plaintiff has a right to file this action.

5.      Admitted Plaintiff was employed by Defendant, otherwise denied as phrased.

6.      Admitted Defendant is a rail carrier engaged in interstate commerce, operating in 23 states including Georgia and maintains its corporate headquarters in Jacksonville, Duval County, Florida.  Otherwise denied as phrased.

7.      Admitted.

8.      Admitted Plaintiff was employed as an engineer, otherwise denied that Plaintiff properly inspected, monitored or operated locomotives at the operative time in the Complaint.

9.      Denied as phrased.

10.     Denied as phrased.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Admitted Plaintiff reported for duty on January 22, 2019.  Without knowledge as to Plaintiff's observations and therefore denied.  Admitted Plaintiff reported an oil leak and completed a daily inspection report.   Without knowledge as to Plaintiff's reports to the Federal Railroad Administration by telephone and therefore denied.

15.     Defendant defers to the report of the FRA for the findings related to the inspection by the FRA, and otherwise denied as phrased.

16.     Admitted Plaintiff was removed from service on January 23, 2019.  All other allegations within this paragraph are denied.

17.     Admitted that Plaintiff was charged with failing to place the control/fuel pump and engine run switches in the OFF position.  Admitted that Plaintiff was provided a hearing on these charges and was assessed three days discipline after the hearing.  In all other respects, denied.

18.     Defendant repeats and incorporates by reference herein all of the foregoing paragraphs.

19.     This is a paraphrased statement of the law for which no response is necessary. To the extent necessary, Defendant defers to the language in 49 U.S.C. §20109(a)(1).

20.      This is a paraphrased statement of the law for which no response is necessary. To the extent necessary, Defendant defers to the language in 49 U.S.C. §20109(b).

21.     This is a paraphrased statement of the law for which no response is necessary. To the extent necessary, Defendant defers to the language in 49 U.S.C. §20109(a)(1).  As a further response, in order for an employee to avail themselves of the right to refuse to work, the conditions as set forth in paragraph (2) of 49 USC §20109(b)(2) must be present.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

Defendant denies the ad damnum clause of the Complaint and all specific requests for relief.  Defendant further denies that Plaintiff is entitled to any of the claimed remedies contained within the clause.

## First Affirmative Defense

Defendant acted reasonably at all times and in good faith and on the basis of legitimate, non-discriminatory and non-retaliatory reasons toward the Plaintiff, after reasonable investigation, and based upon its honest belief that Plaintiff did not engage in protected activity and that he violated Defendant's rules.  In addition, Plaintiff has not alleged circumstances

sufficient to raise the inference that his alleged protected conduct was a contributing factor in any adverse employment action.

### Second Affirmative Defense

Even if Plaintiff is able to show that he engaged in protected conduct that contributed to some or all of the alleged adverse employment actions, which Defendant denies, Defendant can show that it would have taken any such adverse employment actions even absent any protected conduct.

### Third Affirmative Defense

The Plaintiff is not entitled to recover punitive damages for the allegations made in his Complaint.

### Fourth Affirmative Defense

The Plaintiff's claim for punitive damages violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution. In addition, the Defendant cannot be held liable for punitive damages stemming from the alleged violations of its employees or managers to the extent those employees or managers acted contrary to the Defendant's policies and procedures established to prohibit retaliation and to ensure compliance with all applicable laws and regulations. Alternatively, punitive damages are inappropriate under the facts of this action.

### Fifth Affirmative Defense

Some of Plaintiff's claims are barred by the FRSA's election of remedies provision, 49 U.S.C. § 20109(f), because Plaintiff elected to pursue a remedy under another provision of law for the same allegedly unlawful acts.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy any administrative prerequisites, exhaust available administrative remedies, or follow appropriate administrative procedures.

**Seventh Affirmative Defense**

The Plaintiff's claims for damages including lost wages and benefits are barred, in whole or in part, to the extent that they would represent double recovery by the Plaintiff.

**Eighth Affirmative Defense**

Plaintiff's Complaint fails to state claims upon which relief can be granted.

**Ninth Affirmative Defense**

All or part of Plaintiff's claims are barred, in whole or in part, because the Railway Labor Act requires deferral to a Public Law Board for interpretation of the controlling collective bargaining agreement.

**Tenth Affirmative Defense**

The Railway Labor Act, 45 U.S.C. §§ 151 et seq., precludes some of Plaintiff's FRSA claims because they require interpretation of a collective bargaining agreement.

**Eleventh Affirmative Defense**

Defendant asserts that the Plaintiff has failed to mitigate his damages, and to the extent that he has failed to mitigate his damages, he is barred from recovery herein.

**Twelfth Affirmative Defense**

Plaintiff's alleged protected conduct was not a contributing factor to any alleged employment action.

**Thirteenth Affirmative Defense**

Plaintiff has not alleged, nor could Plaintiff allege under the facts of this case, intentional discrimination.

**Fourteenth Affirmative Defense**

To the extent Plaintiff's claims are, or later are determined to be, outside or beyond the scope of his OSHA Complaint, such claims are barred.

**Fifteenth Affirmative Defense**

Plaintiff comes to this action with unclean hands based in part upon his failure to perform his employment duties in inspection of the locomotives.

**Sixteenth Affirmative Defense**

Plaintiff's claim fails because he did not in good faith report a protected activity, nor was Plaintiff's belief objectively or subjectively reasonable.

Respectfully submitted,

/s/C. Ryan Eslinger_____
Eric L. Leach; FL Bar No. 745480
eleach@miltonleach.com
C. Ryan Eslinger; FL Bar No. 634859
reslinger@miltonleach.com
Secondary Email Address:
aaustin@miltonleach.com
3127 Atlantic Boulevard
Jacksonville, Florida  32207
(904) 346-3800 - Telephone
(904) 346-3692 - Facsimile
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2020, I uploaded the foregoing to the Clerk of the United States District Court for filing via the CM/ECF system, and that a true and correct copy of the foregoing has been furnished via electronic service to all CM/ECF system participants.

**MILTON, LEACH, WHITMAN,
D'ANDREA & ESLINGER, P.A.**

C. Ryan Eslinger; FL Bar No. 634859
reslinger@miltonleach.com