**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JOEY LEE NIX,**

    **PLAINTIFF**

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. **3:20-cv-00250-BJD-JBT**

**CSX TRANSPORTATION, INC.,**

    **DEFENDANT**

**PLAINTIFF'S RULE 26(a)(2) EXPERT DISCLOSURES**

In accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and by Order of the Court, the Plaintiff identifies the following expert witness:

**MEDICAL EXPERTS:**

Plaintiff has not specifically or financially retained the following medical providers for this trial. However, Plaintiff reserves the right to call Joey Lee Nix's health care providers to testify, including the providers listed below.

Generally, all medical experts are expected to testify in accordance with the facts known as stated in their respective records, notes and reports, and the records, reports and notes of the other medical providers, which they reviewed, and each medical expert is expected to testify in accordance with the opinions and mental impressions set forth in each of their respective records, notes and reports. Plaintiff has previously furnished all parties with the medical records in his

custody and control as well as HIPAA releases for Defendant to order and acquire any records they wish. Said written medical reports and notes are dated. The mental impressions and opinions held by said medical providers may be contained in said medical records, reports, notes, MRI film, x-ray file, and in Plaintiff Joey Lee Nix's medical records. The facts known to all medical experts are those facts set forth in Plaintiff Joey Lee Nix's medical records as provided to all parties and as obtained by Plaintiff, and the information they each gleaned from examining Plaintiff and the records, which facts form in part the basis of said opinions. Such opinions are further based upon each doctor's and heath care provider's knowledge gleaned from their respective years of medical studies and from their respective years of medical practice, including previous exams of other individuals with similar injuries, as well as their respective conversations with Plaintiff during their examinations. These individuals provided medical treatment to Plaintiff and will testify about his physical and medical condition at the time of treatment.

Each, if called, is expected to testify that the medical records concerning Plaintiff which have been produced in the present lawsuit were produced and kept in the ordinary course of business, and that the costs paid or incurred with respect to the medical care and treatment rendered to Plaintiff were reasonable and necessary and were reasonably related to, and required by, the incident in question.

1. <u>Ann Priddy, LCSW</u>
   1511 W 3rd Avenue
   Albany, GA 31707

Ms. Priddy will testify about Joey Lee Nix's mental health. She is a licensed clinical social worker in the State of Georgia. The Plaintiff's expert witness, as his treating therapist, will provide testimony as to the nature, cause, and extent of the Plaintiff's mental health condition. Based on Ms. Priddy's specialized knowledge and training and having examined and treated the Plaintiff,

she is expected to testify about the effects of Plaintiff's mental condition as it relates to, *inter alia*, his employment at CSX, Transportation, Inc.

The Plaintiff further reserves the right to supplement these disclosures should additional information be obtained, circumstances change, or should these disclosures be found to be incomplete.

2. <u>Sasi K. Nayudu, MD</u>
   1112 N. Madison Street
   Albany, GA 31701

Dr. Nayudu is a neuropsychiatrist who will testify as to the medical treatment provided to Plaintiff.

Dr. Nayudu is licensed to practice medicine in the state of Georgia. The Plaintiff's expert witness, as his treating physician, is expected to provide medical testimony as to the nature, cause and extent of Plaintiff's physical and mental health condition, specifically as it relates to Plaintiff's employment at CSX Transportation, Inc. All opinions and/or testimony present by the Plaintiff's expert witness are made with a reasonable degree of medical certainty.

The Plaintiff further reserves the right to supplement these disclosures should additional information be obtained, circumstances change, or should these disclosures be found to be incomplete.

3. <u>Adam Thomas Marler, MD</u>
   100 Mimosa Drive, Fl. 2
   Thomasville, GA 31792

Dr. Marler is a cardiologist who will testify as to the medical treatment provided to Plaintiff.

Dr. Marler is licensed to practice medicine in the state of Georgia. The Plaintiff's expert witness, as his treating physician, is expected to provide medical testimony as to the nature, cause and extent of Plaintiff's physical and mental health condition, specifically as it relates to Plaintiff's heart condition and employment at CSX Transportation, Inc. All opinions and/or testimony present by the Plaintiff's expert witness are made with a reasonable degree of medical certainty.

The Plaintiff further reserves the right to supplement these disclosures should additional information be obtained, circumstances change, or should these disclosures be found to be incomplete.

**OTHER EXPERTS**

1. Any other expert disclosed by Defendant and/or any other party – on cross examination.

Respectfully submitted,

*/s/Alisa D. Wilkes*_____
Alisa D. Wilkes, Esq.
FL Bar No. 81747
13400 S. Sutton Park Dr., Suite 1204
Jacksonville, FL 32224
Office: 904-620-9545
Fax: 904-404-8321
Email: Alisa@wilkesmee.com
         service@wilkesmee.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to C. Ryan Eslinger at reslinger@miltonleach.com; aaustin@miltonleach.com on this 27th day of January, 2021.

*/s/ Alisa D. Wilkes*_____
Alisa D. Wilkes, Esq.