UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOEY LEE NIX,

    Plaintiff

v.                                        Civil Action No. 3:20-cv-00250-BJD-JBT

CSX TRANSPORTATION, INC.,

    Defendant
_____
_____/

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

COMES NOW the Plaintiff, JOEY LEE NIX (hereinafter referred to as "Plaintiff"), and respectfully moves this Court in limine to enter an Order instructing all counsel to refrain from making any motion, interrogation or other statement, whether on voir dire examination, in opening statements, or in closing statements and to refrain from eliciting answers from witnesses directly, indirectly, or in any other manner whatsoever, concerning any of the matters herein and to advise any and all witnesses of the Court's ruling regarding the following matters:

1.    All evidence, arguments, and comments concerning Plaintiff or any other railroad employees receiving collateral source benefits including, but not

1

<u>limited to, U.S. Railroad Retirement Board (RRB) sickness benefits, supplemental sickness benefits, RRB Retirement Annuity, RRB unemployment benefits, state unemployment benefits, or medical insurance payments by the Railroad or the Railroad's insurance company.</u>

Any reference to RRB benefits or any other supplemental benefits or insurance is inadmissible as a collateral source. *Eichel v. NY Central RR Co.*, 375 U.S. 253, 84 S.Ct. 316 (1963) ("It has long been recognized that evidence showing that the Defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact."); *Vanskike v. ACF Industries, Inc.*, 665 F.2d 188 (8th Cir. 1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632 (1982) ("The Supreme Court held that collateral source payments are inadmissible as bearing on the extent or duration of disability in FELA cases"); *Green v. Denver & Rio Grande Western RR Co.*, 939 F.2d 128 (9th Cir. 1991); *Sheeny v. S. Pac Tran Co.*, 631 F.2d 649 (9th Cir. 1980); *Page v. St. Louis S.W. Rwy. Co.*, 349 F.2d 820 (5th Cir. 1965); *Caughman v. Washington Terminal Co.*, 345 F.2d 434 (D.C. Cir. 1965); *Finley v. Nat'l RR Passenger Corp.*, 1 F.Supp.2d 440 (E.D.Pa. 1998); *see also* Deparcq, W., *"Litigation under the Federal Employers' Liability Act"*, 11 Am. Jur. Trials § 39 (1966).

2. <u>Any argument or suggestion that the railroad is a "good neighbor," "good corporate citizen", "employs a lot of people in Florida", or the like</u>.

3. <u>Any reference to gambling words such as lottery, lotto, jackpot, or Powerball or words inferring that Plaintiff is trying to grab the "brass ring" or is "seeking a pot of gold at the end of a rainbow" or similar ad hominem attacks on Plaintiff or th Plaintiff's attorney's motives</u>.

4. <u>Any statements of assertions by defense counsel that we live in a "sue happy" society, or a litigious society or words to the effect that there are too many lawsuits filed in this country</u>.

5. <u>Any reference to prior claims, settlements or written releases is improper.</u> Counsel has pointed to no prior claim, release or other settlement as having any relevance to this case. *See e.g. Carter v. Shoemaker,* 214 Va. 16 (1973) (reversible error when Defendant's opening statement referred to "several accident's" in which Plaintiff was involved previously). Irrespective of whether the same or a different part of the body, no evidence of the amount of any prior settlement should be permitted by the Court. *Hahn v. Norfolk & Western Railway Co*., 375 N.E. 2d. 914, 918 (111. App. 1978) (we fail to understand how evidence that Plaintiff had been compensated by Defendant for a prior injury could be relevant to any of the issues of this case); *Coleman v. Southern Pacific Co*., 296 P.2d. 386, 394 (Ct. App. Cal. 1956) (the amount of the prior settlement is of so little materiality for the

purpose of showing the extent of the prior injury that this ground must be considered fictitious and it is so prejudicial in confusing the issues that exclusion may well be required); *Burger v. Severen*, 188 N.E. 2d. 373, 377 (Ill. App. 1963) (introduction of evidence of settlement/covenant paid by other potentially responsible party held to be error).

   6.   <u>No exhibits to be used that have not been produced.</u> That defendant and its attorneys not use documents, photos, videos or other exhibits at trial unless they were produced during discovery or listed on the Defendant's exhibit list. Likewise, the defendant not call any witnesses not named on its Witness Statement.

   7.   <u>Any mention, reference, or innuendo that Plaintiff's burden of proof in this case is anything other than a preponderance or greater weight of the evidence.</u>

   8.   <u>Plaintiff requests that Defendant be barred from stating that the medical exam conducted under the court rules, at the request of the defendant, was "court ordered" or was ordered in some "independent" fashion, since the doctor was selected at the request of CSX, and was compensated by CSX as well.</u>

   9.   <u>Any request or demand in the presence of the jury for a stipulation to any fact or issue or that counsel admit or deny any fact or issue.</u>

   10.  <u>All non-party witnesses should be excluded from the courtroom during the course of trial so they cannot hear the testimony of other witnesses</u>.

11. <u>No reference as to motions in limine filed by the Plaintiff or any ruling made by the Court regarding said motions or the content thereof.</u>

12. <u>Any evidence regarding the Public Law Board's Orders should be excluded.</u> It is anticipated that CSX may attempt to introduce the Public Law Board's findings, or evidence thereof, into this trial. Though Plaintiff Joey Lee Nix's discipline gave rise to his arbitration grievance and this case, the issues that were before the arbitration panel and the issues that will be before the jury are very different. The arbitration panel was tasked with determining whether Nix violated his employer's workplace rules. Conversely, the jury will be asked whether CSX violated the Federal Railroad Safety Act. The arbitration panel's findings are therefore not relevant, and if admitted as evidence will only confuse the jury and unduly prejudice Nix.

Administrative findings regarding claims of discrimination are not admissible under Fed. R. Evid. 803(8) unless they are trustworthy and have a probative value that outweighs the prejudicial effect of admitting such unrealizable information. *See, e.g., Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 153 (7th Cir. 1985) (citing *Chandler v. Roudebush*, 425 U.S. 840, 863 n. 39 (1976); Fed. R. Evid. 403; *Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304, 1309-10 (8th Cir. 1984)). When weighing an administrative findings' trustworthiness and probative value, "[r]elevant factors include the existence of provisions in the collective bargaining

agreement that conform substantially with [the statute or constitution], the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue [in the judicial proceeding], and the special competence of particular arbitrators. . . ." *McDonald v. City of W. Branch, Mich.*, 466 U.S. 284, 292 (1984) (brackets in original) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 n. 21 (1974); citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743-44 n. 22 1981)).

Here, every relevant factor weighs against admitting the PLB findings: As discussed *infra* at 1-2, the arbitration panel did not address any issues related to Nix's retaliation claim, which is a claim on which he can prevail even if the alleged workplace rule violations were true; and the PLB-grievances were inadequate judicial proceedings. *See Ray v. Union Pac. RR. Co.*, 971 F. Supp. 2d 869, fn. 19 (S.D. Iowa 2013) ("[E]ven if the Court accepts the relatively few 'factual findings' of the PLB, *i.e.*, the Plaintiff [violated the railroad's workplace rules], there is no 'identity' between these findings and the issues in Plaintiff's FRSA claim. . . Indeed, even if Plaintiff's [workplace rules violation] was the primary and predominant basis for his discharge, this does not preclude the possibility that Plaintiff's injury report could still have been **a** contributing factor in his discharge.") (emphasis in original). Indeed, conclusory opinions based on a summary of the parties' positions are precisely the kind of arbitration findings courts have excluded. *See e.g. McDonald*,

466 U.S. at 292, fn. 13; *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 624 (7th Cir. 2003) (in upholding the trial court's decision to exclude a prior Equal Employment Opportunity Commission ("EEOC") determination in an employment discrimination case, nothing that the court may consider unfair prejudice) (citing *Tulloss*, 776 F.2d at 153).

For these reasons, Nix's Motion to exclude evidence regarding the Public Law Board's Order should be granted.

## LOCAL RULE 3.01 CERTIFICATE

Pursuant to Local Rule 3.01(g), counsel for Plaintiff attempted to confer with Defendant's counsel before the filing of this motion by providing a copy of this motion before submission but was unable to obtain any response from counsel.

Respectfully submitted,

WILKES & MEE, PLLC

*/s/Alisa D. Wilkes*
FL Bar No. 81747
13400 S. Sutton Park Dr., Suite 1204
Jacksonville, FL 32224
Office: 904-620-9545
Fax: 904-404-8321
Email: Alisa@wilkesmee.com
    service@wilkesmee.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2022, the foregoing document was served on those listed below by electronic service via the CM/ECF system which sent notice to all parties of record.

.

WILKES & MEE, PLLC

*/s/Alisa D. Wilkes*
Alisa D. Wilkes, Esq.FL Bar No. 81747
13400 S. Sutton Park Dr., Suite 1204
Jacksonville, FL 32224
Office: 904-620-9545
Fax: 904-404-8321
Email: Alisa@wilkesmee.com
service@wilkesmee.com
ATTORNEY FOR PLAINTIFF