# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOEY LEE NIX,

        Plaintiff,

v.

CSX TRANSPORTATION, INC.

        Defendant.

Case No.: 3:20-cv-00250-BJD-JBT

_____/

## JOINT PRETRIAL STATEMENT

COME NOW the parties, pursuant to Local Rule 3.06 and this Court's August 4, 2021 Order, and hereby file this Joint Pretrial Statement in accordance with the requirements pursuant to Local Rule 3.06(c):

**1. BASIS OF FEDERAL JURISDICTION**

Pursuant to 49 U.S.C. §20109(d)(3) and 28 U.S.C. §1331 the Court has jurisdiction over Plaintiff's claim.

**2. STATEMENT OF THE ACTION**

Plaintiff, Joey Nix, alleges he is entitled to damages for retaliation under the Federal Rail Safety Act.

Defendant denies that Mr. Nix is entitled to any damages as he was not the subject of retaliation.

## 3. STATEMENT OF EACH PARTIES POSITION

### A. Plaintiff's Statement of the Case

Plaintiff, Joey Lee Nix ("Mr. Nix"), began his career with CSX Transportation, Inc. ("CSX") in July 2003 and most recently worked as an engineer engaged in inspection, monitoring and operation of locomotives until his termination with the company on March 6, 2019. On January 21, 2019, Mr. Nix reported for work prepared for duty, but was unable to perform his duties without the presence of a conductor. Thus, he was instructed by his supervisor to wait in the yard office for a conductor to arrive. Mr. Nix did as he was instructed and waited the entire day to no avail.

The next day Mr. Nix again arrived prepared to work and once the conductor arrived the two left the yard office and traveled approximately one mile away to where the locomotive was positioned to begin their duties. Prior to leaving the yard, an inspection is required to be performed and as Mr. Nix began inspecting the locomotive engines he noticed that oil was leaking from the engines and onto the ground. Knowing that this could be a potential fire hazard, he contacted the mechanical desk and his trainmaster and reported the

oil leaks. After filling out the required Calendar Day Inspection Reports, Mr. Nix subsequently contacted the Federal Rail Administration (FRA) and notified of the hazardous oil leaks.

On January 23, 2019, Mr. Nix was informed that he was removed from service pending an investigation into his conduct. On January 24, 2019, the FRA inspected the locomotives and found numerous deficiencies, including hazardous oil leaks causing a fire hazard, failure to repair defects that were reported (excessive oil in engine compartment), and excessive accumulation of fresh oil present. On January 28, 2019, CSX formally charged Mr. Nix with willful neglect of duties, failure to perform duties to prevent unnecessary delay, and failure to perform required inspections. On March 6, 2019, Mr. Nix was terminated from his position with CSX. Mr. Nix filed a complaint with the U.S. Department of Labor ("OSHA") on or about May 7, 2019. An investigation ensued; however, a complaint was ultimately filed with this Court on March 12, 2020 pursuant to § 20109's "kick-out" provision, 49 U.S.C. § 20109(d)(3).

In an apparent attempt to mitigate their damages, on or about April 7, 2020, Mr. Nix received a letter from CSX indicating that he could return to work under certain conditions such as the following: he must agree in writing that he was guilty of the offense for which he was dismissed; his restoration to

service was full and final settlement of any claims he may have/has; he would agree that no claims would be presented or progressed for time lost from work. Mr. Nix opted not to accept the terms of CSX's reinstatement offer given they were wholly unfair, very favorable to CSX and required him to give up numerous rights.

On May 18, 2020, CSX sent another letter to Mr. Nix indicating he was being reinstated, this time suggesting that the only requirements for reinstatement were to schedule a return-to-work physical and contacting his supervisor to schedule a return to work observation or ride. Mr. Nix complied with the requirements and was notified on April 11, 2021 that he was medically unqualified to return to work as a result of medication he was taking to control anxiety.

As a result of Mr. Nix's termination his anxiety symptoms have been exacerbated requiring mediation that was not needed before the termination, his familial relationships have suffered immensely, his attempts at other gainful employment have failed, and he has suffered and continues to suffer financial hardship.

### B. Defendant's Statement of the Case

Mr. Nix was terminated due to his prior disciplinary history and false report of engine oil on January 22, 2019. After his report of an oil leak, the locomotive was investigated and no oil was found leaking in the locations that Mr. Nix reported. Mr. Nix has been offered a return to work, but did not return because he was medically unqualified due to emotional problems unrelated to this incident. Mr. Nix has not attempted to mitigate his damages, and his emotional issues and claims are wholly unrelated to this action.

### 4. EXHIBIT LIST WITH OBJECTIONS NOTED

#### A. Plaintiff's Exhibit List

a) Photographs of locomotive engine taken by Joey Lee Nix
b) FRA Inspection Report dated January 24, 2019
c) CSX Operating Rules 2014
d) CSX Air Brake & Train Handling Rules 2004
e) 2017-19 Wage Earnings Statement – Joey Lee Nix
f) CAPS Attendance Policy – CSX
g) IDPAP Disciplinary Policy - CSX
h) CSX Reinstatement Letter to Mr. Nix Dated April 7, 2020
i) CSX Reinstatement Letter to Mr. Nix Dated May 18, 2020
j) CSX Letter to Mr. Nix Dated April 11, 2021 – Medically Unqualified to Return to Work
k) Joey Lee Nix Training Transcript - CSX
l) CSX Rules Meeting History
m) CSX Comparator Reports
n) Mechanical Desk Recording – CSX (1/22/2019)

o) Medical Records & Billing obtained from Dr. Sasi Nayudu (**Defendant objects to billing records**)
p) Medical Records & Billing obtained from Ann Priddy, LCSW (**Defendant objects**)
q) Medical Records & Billing obtained from Dr. Adam Thomas Marler (**Defendant objects**)
r) Medical Records & Billing obtained from Grady Primary Care (**Defendant objects**)
s) FRA Form 6180.97 – Initial Rail Equipment Accident/Incident Record Dated 19/01/24
t) CSX Calendar Day Inspection Reports
u) Earnings Records and Profit/Loss Reports for South Georgia Premier Logistics, LLC, trucking company owned by Joey Lee Nix (**Defendant objects**)
v) All depositions and exhibits taken in this matter
w) All answers to interrogatories – Plaintiff & Defendant

**B.     Defendant's Exhibit List**

a)   Plaintiff's employee history (**Plaintiff objects**)
b)   Plaintiff's personnel file (**Plaintiff objects**)
c)   Plaintiff's medical file (**Plaintiff objects**)
d)   Plaintiff's training transcript
e)   Plaintiff's rules meeting history
f)   Plaintiff's attendance history (**Plaintiff objects**)
g)   Plaintiff's payroll extract
h)   Plaintiff's fringe benefits summary
i)   Plaintiff's Operational Test Results
j)   Investigation Hearing transcripts with all exhibits and correspondence (**Plaintiff objects**).
k)   2014 CSXT Operating Rules, effective January 1, 2014
l)   CSXT Employee Operating Manual, effective April 1, 2017
m)   Any and all documents contained in the OSHA file (**Plaintiff Objects**)
n)   Comparator reports
o)   Photographs of engine **(Plaintiff Objects)**
p)   Photographs of engine switches **(Plaintiff Objects)**
q)   Mechanical Desk Recording 1/22/2019

- r) Locomotive work reports/calendar day inspection forms
- s) Plaintiff's EAP file (**Plaintiff Objects**)
- t) All medical records obtained and produced in this matter.
- u) All medical provider billing records obtained and produced in this matter.
- v) Plaintiff's Fit For Duty Examination dated 6/25/2020
- w) CSXT Restricted Medication Policy
- x) Locomotive Work Package Report for CSXT006039
- y) IDPAP (Individual Development and Personal Accountability Policy for All Craft Employees (effective 2018 and 2019)
- z) CSXT Reinstatement Letters to Plaintiff (PLB Award) **(Plaintiff objects to the extent that the PLB Award is offered into evidence)**
- aa) CAPS Policy (CSXT T&E Crew Attendance Point System)
- bb) Plaintiff's W-2's (2003-2016)
- cc) Plaintiff's Earnings Statements (2017-2019)
- dd) Freight Conductor Job Description
- ee) Locomotive Engineer Job Description
- ff) FRA Inspection Forms
- gg) Hull's Environmental Services Invoices **(Plaintiff objects)**
- hh) Plaintiff's Internal Revenue Service records (2019 and 2020)
- ii) Plaintiff's Social Security Administration Earnings Records
- jj) Written Statement of Brian Haskins (**Plaintiff objects**)
- kk) Written Statement of Gayle Wayne Fishburn (**Plaintiff objects**)
- ll) Written Statement of Chris Darling (**Plaintiff objects**)
- mm) All of Joey Nix's Answers to Interrogatories.

## 5. WITNESS LIST WITH LIKELIHOOD OF TESTIMONY AND OBJECTIONS NOTED

### A. Plaintiff's Witnesses

Those witnesses Plaintiff expects to present:
i. Joey Lee Nix
ii. David Wyatt

Those witnesses Plaintiff may present if the need arises:
      i.     Garrison Best
      ii.    Corporate Representative for Defendant
      iii.   Tuesdi Sweatt

**B.    Defendant's Witnesses**

Those witnesses Defendant expects to present:
      i.     Daniel Suber
      ii.    Brian Haskins
      iii.   Macon Jones
      iv.   Toni Eady
      v.    Dr. Michael Herkov

Those witnesses Defendant may present if the need arises:
      i.     Corey Bailey
      ii.    Gayle "Wayne" Fishburn
      iii.   Chris Darling
      iv.   David Wyatt
      v.    Chris Guenther

**6.    EXPERT WITNESSES WITH SUBSTANCE AND OBJECTIONS**

    A.    Plaintiff
        i.   Dr. Sasi Nayudu
        ii.  Anne Priddy  (Defendant objects, see Doc. 30).

    B.    Defendant
        i.   Dr. Michael Herkov – Dr. Herkov will testify in accordance with his report issued in this case that any mental or emotional problem of Mr. Nix is unrelated to any termination and is related to other life events of Mr. Nix.

### 7. TYPE AND AMOUNT OF MONETARY DAMAGES

Plaintiff claims damages for the following:

a. Lost wages and pay
b. Benefits
c. Compensatory damages for economic losses
d. Compensatory damages for mental anguish and emotional distress
e. Punitive damages
f. Special damages for all litigation costs including expert witness fees and attorney fees.

Defendant does not claim damages.

### 8. DEPOSITIONS TO BE OFFERED AS EVIDENCE

**A. Plaintiff**

1. Ann Priddy (Defendant objects, see Doc. 30).

**B. Defendant**
1. None at this time.

### 9. FACTS THAT ARE ADMITTED

Plaintiff Joey Nix was employed as an engineer by CSX Transportation, Inc., a rail carrier engaged in interstate commerce. Mr. Nix was removed from service on January 23, 2019 and was terminated from CSX Transportation, Inc. on March 6, 2019.

### 10. STATEMENT OF AGREED PRINCIPALS OF LAW

This action is based on the Federal Rail Safety Act, 49 U.S.C. Section 20109.

**11.      THOSE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED**

Whether Plaintiff was the subject of retaliation and if so, the extent of his damages.

**12.      CONCISE STATEMENT OF ISSUES OF LAW NEEDING DETERMINATION BY THE COURT**

The proper causation standard.

**13.      ALL MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT**

    A.   Defendant's Motion to Exclude Testimony of Anne Priddy (Doc. 30; Response Doc. 31).

    B.   Defendant's Motion for Partial Summary Judgment and/or Motion in Limine (Doc. 32; Response Doc. 35)

    C.   Defendant's Second Motion in Limine (Doc. 37)

    D.   Defendant's Third Motion in Limine (Doc. 38)

    E.   Plaintiff's Omnibus Motion in Limine (Doc. 39).

**14.      USEFULNESS OF FURTHER SETTLEMENT DISCUSSIONS**

The parties have engaged in settlement discussions throughout the course of litigation but have been unable to reach a mutual agreement.

15. **CERTIFICATE OF COUNSEL**

In preparing this final pretrial statement, I have aimed for the just, speedy and inexpensive resolution of this action.

s/ Alisa D. Wilkes
Alisa D. Wilkes, Esquire
Florida Bar No. 0081747
13400 Sutton Park Dr. S. Suite 1204
Jacksonville, FL 32224
(904)620-9545
alisa@wilkesmee.com
service@wilkesmee.com

and

James R. Ferguson, Esq.
*Admitted Pro Hac Vice*
201 W. Broadway, Suite G12
Little Rock, AR 72114
(501)758-0278
Jferguson.raillaw@gmail.com
*Attorneys for Plaintiff Joey Nix*


s/C. Ryan Eslinger _____
Eric L. Leach
Florida Bar No. 745480
eleach@miltonleach.com
C. Ryan Eslinger
Florida Bar No. 634859
reslinger@miltonleach.com
Secondary Email Address:
aaustin@miltonleach.com
3127 Atlantic Blvd.
Jacksonville, Florida  32207
(904) 346-3800 - Telephone
*Attorneys for Defendant CSX Transportation, Inc.*