UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOEY LEE NIX,

    Plaintiff

v.                                                          Civil Action No. 3:20-cv-00250-BJD-JBT

CSX TRANSPORTATION, INC.,

    Defendant

_____ /

**PLAINTIFF'S RESPONSE TO CSX TRANSPORATION, INC'S SECOND MOTION IN LIMINE**

COMES NOW the Plaintiff, JOEY LEE NIX (hereinafter referred to as "Plaintiff"), and respectfully asks this Court to deny Defendant's Second Motion in Limine. Defendant has moved in Limine to preclude evidence and argument relating to the contributing factor causation standard and the in whole or in part causation standard. For the following reasons, Defendant's motion should be denied in its entirety.

**MEMORANDUM OF LAW**

  A. **Purpose of the FRSA**

Congress has long recognized that railroads place productivity ahead of

1

safety. *See, e.g.*, *Impact of Railroad Injury, Accident and Discipline Policies on the Safety of America's Railroads: Hearings Before the H. Comm. On Transportation and Infrastructure*, 10th Cong. (Oct. 25, 2007). Over the years, Congress has tried numerous regulatory fixes, each of which failed to deter railroads from harassing, intimidating, and retaliating against employees who refused to put productivity ahead of safety. *Id.* Thus, Congress amended the Federal Rail Safety Act of 2007 by *The Implementing Recommendations of the 9/11 Commission Act of 2007*, Pub. L. 110-53, 121 Stat. 444, and the Rail Safety Improvement Act of 2008, Pub. L. 110-432, 122 Stat. 4848.

In recognition of the railroad industry's retaliatory culture, the amendments tilted the scales of justice heavily in the employees' favor, namely by incorporating the burden-shifting framework governing the employee protection provisions of AIR21. *See* 49 U.S.C. § 20109(d)(2)(A)(i). FRSA plaintiffs therefore need prove only by a preponderance of the evidence that their protected activity was "a contributing factor in the unfavorable personnel action." 49 U.S.C. § 42121(b)(2)(B)(iii). "The words 'a contributing factor' . . . mean **any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision.**" *Araujo v. N.J. Transit Rail Operations, Inc.*, 708 F.3d 152, 158 (3d Cir. 2013) (quoting *Marano v. Dep't of Justice,* 2 F.3d 1137, 1140 (Fed. Cir. 1993) (quoting 135 Cong. Rec. 5033 (1989) (Explanatory Statement on S. 20))) (emphasis

in *Marano*) (aleration in *Araujo*).

Once FRSA plaintiffs make such a showing, the burden of proof shifts to their railroad-employers, who are liable unless they prove "by clear and convincing evidence that [they] would have taken the same unfavorable personnel action in the absence of [the protected activity]." 49 U.S.C. § 42121(b)(2)(B)(iv). "[F]or employers, this is a tough standard, and not by accident." *Araujo*, 708 F.3d at 152. "The standard is 'tough' because Congress intended for companies . . . to face a difficult time defending themselves, due to a history of whistleblower harassment and retaliation in the industry." *Araujo*, 708 F.3d at 152.

## B. The "Contributing Factor" Standard Has Been Universally Applied to FRSA Cases by the Circuit Courts of Appeal

In *Araujo*, the Third Circuit Court confirmed the special burden of proof for employee under whistleblower retaliation statutes such as Section 20109. Under such statutes,

> an employee must show, by a preponderance of the evidence, that (1) she engaged in protected activity; (2) the employer knew that she engaged in protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action.

*Araujo*, at 157. The Court stressed that "a contributing factor" is a *term-of-art* in the context of whistleblower retaliation statutes: "The words 'contributing factor' . . . mean any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision." *Id*., at 158). Under the contributing factor

standard, a whistleblower does not have

> …to prove that his protected conduct was a 'significant', 'motivating', 'substantial', or 'predominant' factor in a personnel action in order to overturn the action. …Furthermore, an employee '*need not* demonstrate the existence of a retaliatory motive on the part of the employer taking the alleged prohibited personnel action in order to establish that his disclosure was a contributing factor to the personnel action.'

*Id.*, at 158, quoting, *Marano v. Dep't of Justice*, 2 F.3d 1137, 1140 (Fed. Cir. 1993) (emphasis in original).

Once an employee has satisfied this undemanding standard by a mere preponderance of the evidence, the burden then shifts to the railroad. In this second and last step:

> The burden shifts to the employer to demonstrate, 'by clear and convincing evidence, that the employer would have taken the same unfavorable personnel action in the absence of the behavior.' 49 U.S.C. 42121(b)(2)(B)(ii). The 'clear and convincing evidence' standard is the intermediate burden of proof, in between 'a preponderance of the evidence' and 'proof beyond a reasonable doubt.' See *Addington v. Texas*, 441 U.S. 418, 425 (1979). To meet the burden, the employer must show that the 'truth of its factual contentions are highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

*Araujo*, at 160. The Third Circuit noted this is a "tough" standard for employers to meet, but that Congress intended railroads to "'face a difficult time defending themselves,' due to a history of whistleblower harassment and retaliation in the industry." (*Id.* at 159, and nos. 3, 6, & 7).

Since *Araujo* was decided in 2013, no Circuit Court has held any other

4

standard appropriate except the "contributing factor" standard, regardless of whether they were reviewing an appeal from the Administrative Review Board or the case was filed *de novo* in the federal district court below. See, e.g., *Kudak v. BNSF Railway Co.*, 768 F.3d 786 (8th Cir. 2014) ("We agree with the Ninth Circuit that, under the statute's 'contributing factor' causation standard…"); *Koziara v. BNSF Railway Co.*, 840 F.3d 873 (7th Cir. 2017) ("The plaintiff had to show that his injury report was a 'contributing factor' in his being fired."); *Blackorby v. BNSF Ry. Co.*, 849 F.3d 716 (8th Cir. 2017) ("Under the FRSA, …the circumstances raise an inference that the protected activity was a contributing factor in the adverse action."); *Heim v. BNSF Ry. Co.*, 849 F.3d 723 (8th Cir. 2017) ("Under the FRSA, …the circumstances raise an inference that the protected activity was a contributing factor in the adverse action."); *Neylon v. BNSF Ry. Co.*, 968 F.3d 724 (8th Cir. 2020) ("To establish a prima facie case of unlawful FRSA retaliation, …the circumstances raise an inference that the protected activity was a contributing factor in the adverse action."); *Tompkins v. Metro-N. Commuter R.R.*, 983 F.3d 74 (2d Cir. 2020) ("The FRSA also provides a burden-shifting framework for claims brought pursuant to the Act. Under the framework, a plaintiff must 'make [] a prima facie showing that any [protected activity] was a contributing factor in the unfavorable personnel action alleged in the complaint.'"); *Epple v. BNSF Ry. Co.*, No. 18-10509 (5th Cir. Sep. 27, 2019) ("Unlike the typical discrimination statute, the FRSA incorporates by

reference the rules, procedures, and burdens of proof delineated in 49 U.S.C. § 42121. Under these standards, relief may be granted if the employee shows that protected activity was a 'contributing factor' to the adverse action taken by the railroad carrier."); *Yowell v. Admin. Review Bd.*, 993 F.3d 418 (5th Cir. 2021) ("An action brought to enforce these protections 'shall be governed by the legal burdens of proof set forth in section 42121(b).' § 20109(d)(2)(A)(1). We have described the burden shifting of that statute to require an employee first to establish by a preponderance of the evidence that: …the protected activity was a 'contributing factor' in that unfavorable personnel action.").

The list of cases that solidify that the proper standard of causation is the 'contributing factor' standard goes on and on. In fact, the only circuit to even question whether the contributing factor standard is the proper standard is the Sixth Circuit, as discussed in Defendant's Second Motion in Limine. However, contrary to Defendant's motion, not even the Sixth Circuit has held that the contributing factor standard is not the proper standard. In both *Lemon v. Norfolk S. Ry. Co.*, 958 F.3d 417 (6th Cir. 2020) and *Mangold v. Norfolk S. Ry. Co.*, No.21-3059 (6th Cir. 2021), the Court clearly states that neither party has objected to this standard and therefore they do not reach the question of whether it is appropriate.

Even if the Court feels that *Lemon* is persuasive *dicta*, the *Lemon* court fails to square the obvious intent of Congress to apply the AIR-21 standards of causation

6

to the FRSA. The FRSA clearly states:

(d) Enforcement Action.—

(1) In general.—
An employee who alleges discharge, <u>discipline</u>, or other discrimination in violation of subsection (a), (b), or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor.

(2) Procedure.—

(A) In general.—Any action under paragraph (1) shall be governed under the rules and procedures set forth in section 42121(b), including:

(i) Burdens of proof.—
Any action brought under (d)(1) shall be governed by the legal burdens of proof set forth in section 42121(b).

49 U.S.C. 20109. To read anything other than Congress' clear intent to apply the burden shifting framework contained in 42121, which includes the contributing factor standard, would clearly work to thwart the intentions of Congress and therefore be a misapplication of the law.

CSX's argument that "even if the Congress had incorporated rules and procedures from AIR-21 for purposes of 'kick-out' actions in federal district court, the FRSA still does not incorporate the 'contributing factor' *causation standard* from AIR-21" is without merit. It does not follow that Congress would specifically state that it is incorporating the legal burdens of proof set forth in section 42121(b) which includes the contributing factor standard, to then remove that standard at a later point in the case. The Sixth Circuit's *dicta* is flawed on this issue and that is

7

precisely why that approach has not been accepted by any other Circuit Court. What the railroad asks is that this Court separate out one section of the FRSA from another in a way that would give the statute no meaning. This would be akin to asking this Court to not allow any remedies under Section (e) because Section (d)(3) does not specifically cite the remedies of Section (e) as being available during a "kick-out" case.

### C. Once Again, the "In Whole or In Part" Standard Has Been Universally Applied by All Circuit Courts of Appeal

CSX, once again, attempts to interject a causation standard that has neither been adopted, nor even discussed by a single Court of Appeals. Congress intentionally made amendments to the FRSA to lower the standard necessary for an employee to prevail against his employer in an attempt to further their original intent in enacting the FRSA, to promote safety in all aspects of railroading and to deter railroads from retaliating against their employees for reporting such safety problems. This premise is evident in the litany of case law that CSX ignores that applies the 'in whole or in part' standard without question. Defendant has cited to no case law to support its argument that the sections of the FRSA are somehow separated, despite Congress' overt intent to dissuade railroads from retaliating against their employees for reporting safety defects.

Even assuming Congress did not intend for the breath of the FRSA to be subject to the in whole or in part standard, there is no evidence that Congress

8

intended to bring a heightened causation standard to the act. Assuming Congress meant anything other than the enumerated causation standard of in whole or in part, it meant the simple but-for causation. The but-for causation standard is defined as:

> That form of causation is established whenever a particular outcome would not have happened 'but for' the purported cause. In other words, a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause….When it comes to Title VII [employment discrimination cases falling under the "because of" language], the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just be citing some *other* factor that contributed to its challenged employment decision. **So long as the plaintiff's sex [i.e. statutorily protected status] was one but-for cause of that decision, that is enough to trigger the law.**

*Bostock v. Clayton County,* 2020 U.S. LEXIS 3252, pgs. 14-15 (June 15, 2020), citations omitted (bolded added). The but-for test simply asks, "but for the existence of X, would Y have occurred?"

The Supreme Court stressed that while an event may have many but-for causes, an employer is liable if just one of those but-for causes was the employee's protected status. This is akin to the in whole or in part standard. The true but-for causation standard, not the heightened standard CSX argues for in its motion, is simply whether a plaintiff would have been disciplined but-for his protected activity. That is simply another way of saying a plaintiff's protected activity was a reason, in whole or in part, for a defendant's adverse action.

## **CONCLUSION**

For the reasons set forth above, Plaintiff asks this Court to deny Defendant's Second Motion in Limine in its entirety.

Respectfully submitted,

WILKES & MEE, PLLC

*/s/Alisa D. Wilkes*
FL Bar No. 81747
13400 S. Sutton Park Dr., Suite 1204
Jacksonville, FL 32224
Office: 904-620-9545
Fax: 904-404-8321
Email: Alisa@wilkesmee.com
      service@wilkesmee.com

James R. Ferguson, Esq.
*Admitted Pro Hac Vice*
Law Office of H. Chris Christy, P.A.
201 W. Broadway, Suite G12
Little Rock, AR 72114
(501)758-0278
Jferguson.raillaw@gmail.com
*Attorneys for Plaintiff Joey Nix*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of March, 2022, the foregoing document was served on those listed below by electronic service via the CM/ECF system which sent notice to all parties of record.

.

        WILKES & MEE, PLLC

        */s/Alisa D. Wilkes*
        Alisa D. Wilkes, Esq.FL Bar No. 81747
        13400 S. Sutton Park Dr., Suite 1204
        Jacksonville, FL 32224
        Office: 904-620-9545
        Fax: 904-404-8321
        Email: Alisa@wilkesmee.com
        service@wilkesmee.com
        ATTORNEY FOR PLAINTIFF